UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JOE CABRERA,

        Defendant.

_____/

Case No. 1:12-CR-132

Hon. Robert Holmes Bell
United States District Judge

**PLEA AGREEMENT**

This constitutes the plea agreement between defendant Joe Cabrera (the defendant) and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. <u>Plea to Count One</u>. The defendant agrees to plead guilty to Count One of the Fourth Superseding Indictment, charging him with conspiracy to engage in racketeering activity, in violation of Title 18, United States Code, Section 1962(d).

2. <u>The Defendant Understands the Crime</u>. In order for the defendant to be guilty of violating Title 18, United States Code, Section 1962(d), as charged in Count One of the Fourth Superseding Indictment, the following must be true: (1) that the Holland Latin Kings is an "enterprise";[1] (2) that the Holland Latin Kings

---

[1] The term "enterprise" includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4).

was engaged in, or its activities affected, interstate or foreign commerce; (3) that the defendant knowingly agreed with one or more individuals to participate, directly or indirectly, in the conduct of the affairs of the Holland Latin Kings; and (4) that the defendant knowingly agreed that one of the conspirators would engage in a pattern of racketeering activity.[2]

The defendant is pleading guilty because he is guilty of the charge described above.

3. <u>The Defendant Understands the Penalties</u>. The statutory maximum penalty the Court can impose for a violation of Title 18, United States Code, Section 1962(d) is the following: twenty years' imprisonment; a fine of $250,000; a mandatory special assessment of $100; and a three-year term of supervised release.

The defendant agrees to pay the special assessment at or before the time of sentencing, unless the defendant affirmatively demonstrates to the Court that he lacks the ability to pay.

4. <u>The Defendant Understands Supervised Release</u>. Supervised release is a period of time following imprisonment during which the defendant will be subject to various restrictions and requirements. The defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release.

---

[2] A "pattern of racketeering activity" requires at least two acts of racketeering, often referred to as "predicate acts," which are set forth in Title 18, United States Code, Section 1961(1). *See* 18 U.S.C. § 1961(5).

5. <u>The Defendant Agrees to Cooperate</u>. The defendant agrees to fully cooperate with the United States Attorney's Office for the Western District of Michigan, the Holland Police Department, the Ottawa County Sheriff's Department, the Michigan State Police, the West Michigan Enforcement Team (WEMET), the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and any other law enforcement agency in the investigation of the charges contained in the Fourth Superseding Indictment, as well as the investigation of past crimes over which they have actual or apparent jurisdiction. The defendant's cooperation will consist of all steps needed to uncover and prosecute such crimes, including, but not limited to, providing investigators with a full, complete and truthful proffer concerning the defendant's knowledge of any and all criminal activity of which he is aware; truthfully answering investigators' questions; meeting with prosecutors before testifying; truthfully testifying before grand juries and in any court proceedings; and providing all relevant tangible evidence in the defendant's possession or under the defendant's control, including but not limited to objects, documents, and photographs. The defendant's obligation to cooperate under this paragraph is an affirmative one and includes the obligation to voluntarily come forward with any and all information which the defendant should reasonably know will assist in the investigation of other criminal activity. The defendant will neither commit nor assist others in the commission of any criminal offense during the

course of his cooperation with the United States. The defendant will submit to polygraph examination(s) upon request. The defendant's obligation under this paragraph is a continuing one, and shall continue after sentencing until all investigations and/or prosecutions in which the defendant's cooperation is deemed relevant by the United States Attorney's Office have been completed.

6. <u>Asset Forfeiture and Financial Accountability</u>. The defendant agrees to disclose to law enforcement officials the whereabouts of, and all other information known to the defendant about, all monies, property or assets of any kind (including those held by third parties) involved in the racketeering conspiracy charged in the Fourth Superseding Indictment. The defendant further agrees to assist and cooperate in the recovery of such monies, property, or assets by the government.

7. <u>The Promises of the United States Attorney's Office:</u>

   A. <u>Dismissal of Counts and Special Sentencing Allegations</u>. The United States Attorney's Office agrees to move to dismiss Counts Two, Three and Fourteen of the Fourth Superseding Indictment as to the defendant, along with Special Sentencing Allegations 1 and 6, at the time of sentencing.

   B. <u>No Additional Charges</u>. The United States Attorney's Office agrees not to bring additional criminal charges against the defendant in the Western District of Michigan arising out of his involvement with the Holland Latin Kings, provided that the conduct is disclosed to the government by the defendant or his attorney prior to the date of this agreement. The defendant shall remain subject

to prosecution for any criminal activity he has failed to disclose to the government prior to the date of the agreement. This promise of non-prosecution shall not include other crimes of violence, if any, or criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371).

        C.    <u>On Acceptance of Responsibility</u>. The United States Attorney's Office agrees not to oppose the defendant's request for a reduction of his offense level for acceptance of responsibility under Section 3E1.1 of the United States Sentencing Guidelines (the "Guidelines"), provided the defendant qualifies under the Guidelines, and if the Court finds his adjusted offense level is sixteen or more and awards the defendant this two-level reduction, the United States will also move at the time of sentencing for an additional one-level reduction because the defendant accepted responsibility sufficiently early in the case for the government to avoid preparing for trial.

        D.    <u>Protection for Proffered Statements</u>. The United States Attorney's Office agrees that information provided by the defendant through the defendant's proffers, and any information provided pursuant to the defendant's promise to cooperate, as described in this agreement, will not be used by the government to enhance the defendant's sentence, in accordance with Sentencing Guidelines Section 1B1.8, and according to the terms of the written agreement entered into between the parties prior to the proffers. It is expressly understood, however, that such information may be used by the government at sentencing if the

defendant takes a position at sentencing that contradicts information provided by the defendant pursuant to this agreement or any proffer agreement.

8. <u>The Sentencing Guidelines</u>. The defendant understands that, although the Guidelines are not mandatory, the Court must consult the Guidelines and take them into account when sentencing the defendant. The defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. The defendant understands that the defendant and the defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. The defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum penalties described elsewhere in this agreement. The defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

9. <u>Waiver of Trial Rights</u>. By pleading guilty, the defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of the defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, the defendant would have had the following rights:

A. The right to the assistance of counsel, including, if the defendant could not afford an attorney, the right to have the Court appoint an attorney to represent the defendant.

B. The right to be presumed innocent and to have the burden of proof placed on the government to prove the defendant guilty beyond a reasonable doubt.

C. The right to confront and cross-examine witnesses against the defendant.

D. The right, if the defendant wished, to testify on the defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

E. The right not to be compelled to testify, and, if the defendant chose not to testify or present evidence, to have that choice not be used against the defendant.

By pleading guilty, the defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been, or could have been filed.

10. <u>The Court is Not a Party to This Agreement</u>. The defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the United States Attorney's Office or the parties regarding the sentence to be imposed. The defendant further understands

that, even if the Court ignores such a recommendation and/or imposes any sentence up to the maximum established by statute, the defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all of his obligations under this agreement. The defendant understands that no one – not the prosecutor, the defendant's attorney, nor the Court – can make a binding prediction or promise regarding the sentence the defendant will receive.

11. <u>Agreement Limited to Parties</u>. This agreement is limited to the United States Attorney's Office for the Western District of Michigan and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities. This agreement applies only to crimes committed by the defendant. This agreement does not apply to any pending forfeiture proceedings, and shall not preclude any past, present, or future civil or forfeiture actions.

12. <u>Breach of the Agreement</u>. If the defendant breaches any provision of this agreement, whether before or after sentencing, the United States shall have the right to terminate this agreement or deny any and/or all benefits to which the defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate the agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, the defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. The defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is

brought within one year of the breach that gives rise to the termination of this agreement.

13. <u>Complete Agreement</u>. This agreement has been freely, knowingly, and voluntarily entered into by both sides, it incorporates the complete understanding between the parties, and no other promises have been made. Nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

PATRICK A. MILES, JR.
United States Attorney

10/30/13
Date

PHILLIP J. GREEN
RUSSELL A. KAVALHUNA
Assistant United States Attorneys

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

10/30/13
Date

JOE CABRERA
Defendant

I am Joe Cabrera's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

10/30/13
Date

HAYTHAM FARAJ
Counsel for defendant Joe Cabrera